IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES BROOKS,           )<br>                                            )<br>        Plaintiff,               )<br>vs.                                    )<br>                                            )<br>FIESTA FOODS,             )<br>                                            )<br>        Defendant.           ) | No. 3:18-CV-03241-L-BH<br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed December 10, 2018 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

### I. BACKGROUND

On December 10, 2018, the *pro se* plaintiff filed this employment discrimination action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By order dated December 11, 2018, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave the plaintiff fourteen days to pay it. (*see* doc. 8.)[1] The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* Also on December 11, 2018, the Court sent the plaintiff a questionnaire to obtain more information about his claims. (*See* doc. 6.) The questionnaire specifically advised him that his answers were due within fourteen

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

days, and that a failure to file his answers could result in the dismissal of his case. *Id.* More than thirty days have passed, but the plaintiff has not paid the fee, filed his answers to the questionnaire, or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application shows that his average monthly income for the prior twelve months was approximately $1,500.00, and that he expected to receive $2,400.00 the following month. His gross monthly pay was $2,880.00, and his average monthly household expenses were $1,212.00. His credit card expense of $670.00 appeared to be discretionary. The plaintiff has not shown that he will suffer undue financial hardship after payment of the $400.00 filing fee, and his motion to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By orders dated December 11, 2018, the plaintiff was given fourteen days to pay the filing fee and to file his answers

to a magistrate judge's questionnaire. He was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. Because he failed to comply with orders that he pay the filing fee because he had sufficient assets with which to do so and that he provide additional information about his claims, and he has not filed anything else in the case, it should be dismissed.

### IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee and files his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 13th day of May, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE